# Clark, Adm'r, *v.* Hughes.

*Bill in Equity for Final Settlement and Distribution of Estate of Decedent.*

1. *When administrator chargeable with damages resulting from unreasonable delay in making settlement.*—When an administrator, without sufficient excuse, delays final settlement and distribution for an unreasonable time, he is chargeable with damages resulting therefrom to legatees or distributees, although he may have safely kept the money of the estate unproductive and unemployed, and although he may make the statutory, exculpatory oath.

2. *Same; measure of damages.*—In such case, the statutory rate of interest is the measure of damages.

3. *Same; from what date interest should be calculated.*—When the statutory oath is taken by an administrator, and it is not successfully controverted, interest should not be computed from the day the assets are reduced to money and thus made ready for distribution, but a reasonable time should be allowed him to make preparation for, and consummate a settlement of his administration, including time for an arrangement of materials, and for conference with counsel, preliminary to filing his account, or bill in chancery, as the questions to be decided may require, and also for conducting the proceedings to final decree.

4. *Same; what constitutes reasonable time.*—What should be considered a reasonable time in such case, would be the time consumed by an ordinarily prudent man in commencing and carrying through a litigation of similar character, which he had previously determined to institute, and must depend, in a large measure, on the facts of each particular case, varying with the complication of facts or legal principles involved, and the tribunal in which the settlement is made.

5. *Same; sale of lands for division; when not prejudicial to administrator on question of interest.*—The statute expressly authorizing a sale of lands for division, when they "can not be equitably divided amongst the heirs or devisees," and requiring that the application therefor must be made by the administrator or executor, the fact that an administrator sold lands for division, thereby causing delay in the settlement of the estate, can not exert a prejudicial influence against him in the matter of charging him with interest as damages, in the absence of proof that the sale was not necessary to effect an equitable division, or that he acted in bad faith.

6. *Interest against administrator as damages for delay in making final settlement; from what date to be computed.*—On the settlement of the accounts of an administrator of the estates of two decedents, one of whom was an heir of the other, in a court of equity, on a bill filed by the distributees of the deceased heir against the administrator, and against the distributees of the ancestor, who were non-residents of the State,—*held*, that eighteen months after the estates became ready for final settlement and distribution was a reasonable time for instituting a suit for that purpose, and for carrying such suit to a final determination; and that after the expiration of the eighteen months, the administrator was chargeable with interest as damages resulting from the delay, although he had made the statutory affidavit, and it was not controverted.

[Clark, Adm'r, v. Hughes.]

APPEAL from Greene Chancery Court.

Heard before Hon. A. W. DILLARD.

Prior to the year 1871, Mrs. Isabella Cawfield departed this life, intestate, seized and possessed of real and personal property, and leaving, as her only heirs at law, Thomas G. Cawfield and two other children; and after her death Thomas G. Cawfield also died, owning an estate, the principal portion of which consisted of his distributive share in the estate of his mother, Mrs. Isabella Cawfield, and leaving him surviving his widow, Eliza J., who afterwards intermarried with William Hughes, and, as his only heirs, his two children, Henry and Isabella Cawfield. On the 10th of April, 1871, Thomas C. Clark was appointed administrator of the estate of Thomas G. Cawfield, and on the 19th of May, 1871, he was also appointed administrator of the estate of Mrs. Isabella Cawfield, both appointments having been made by the Probate Court of Greene county, by virtue of his office of general administrator of said county. The bill in this cause was filed on the 22d July, 1878, by Eliza J. Hughes and her said husband, and Henry and Isabella Cawfield, against Thomas C. Clark, as administrator of the estate of Mrs. Isabella Cawfield, and also as administrator of the estate of Thomas G. Cawfield, and against the surviving heirs of Mrs. Cawfield, for a settlement of both estates. On a submission of the cause, on bill and answer, a decree was rendered, taking jurisdiction of said estates, and directing the administrator to file his accounts and vouchers for a final settlement.

The administrator having filed his accounts and vouchers, settlements of both estates were had before the register on the 21st of May, 1879. No interest was charged in either account, but the administrator made and filed with the register an affidavit that he had not used the funds of said estates for his own benefit, and that he had not made any profit thereon. The affidavit was not controverted. In his account as administrator of the estate of Isabella Cawfield, the debits commence on the 19th of August, 1871, and run to 1st March, 1874, the principal items, however, bearing date January 8th, 1874, and March 1st, 1874, being for the purchase-money of lands sold by him for partition or distribution. These lands appear to have been sold in November, 1873. The debits in his account with the other estate commence on 22d May, 1871, and run to March 8th, 1873. In this account he is also charged, as of date of the settlement, with the distributive share of Thomas G. Cawfield in his mother's estate, as ascertained on the settlement of that estate. On both settlements motions were made to charge the administrator with interest, on the ground that he had delayed making settlements for an unreasonable length of time. On

[Clark, Adm'r, v. Hughes.]

his behalf testimony was introduced tending to show, as a reason for the delay, that the surviving heirs of Mrs. Cawfield, who were non-residents of the State, had notified him that they claimed the interest of their deceased brother, Thomas G. Cawfield, in their mother's estate; that he had requested them to file a bill to establish their claim, and that they had promised him, through their attorney, that they would do so. These motions were overruled by the register, to which exceptions were duly reserved. Exceptions were also filed to reports of the settlements made by him. On a submission of the cause on the reports of the register and the exceptions thereto, decrees were entered sustaining the exceptions, referring the accounts back to the register to be re-stated, and directing him to charge the administrator, in his account with the estate of Isabella Cawfield, with interest "from July, 1873, until the present time on all funds collected previously thereto, and from July, 1874, on the proceeds of the land sale;" and in his account with the estate of Thomas G. Cawfield, with interest "from July, 1874, on whatever balance was then in his hands, after deducting debts and charges paid by him, together with the commissions then due him." The register was also directed to allow the administrator interest on disbursements. The register re-stated the account of the defendant Clark, as administrator of the estate of Isabella Cawfield, in accordance with the directions of the chancellor, and reported the account, as corrected, to the court; and thereupon the report was confirmed, and a final decree of distribution entered. It does not appear from the record that any further proceedings were had in the matter of the settlement of the estate of Thomas G. Cawfield, after the administrator's account went back to the register. It was also shown, on the settlement of the estate of Isabella Cawfield, that the administrator had made partial payments on the distributive shares of two of the distributees, for which he was allowed proper credits.

On appeal by the administrator, the rulings of the chancellor above noted are assigned as error.

WATTS & SONS, and CLARK & McQUEEN, for appellant.—(1) The administrator made the affidavit which the statute declares shall exonerate him from any charge of interest, and it was not controverted. He was, therefore, not chargeable with interest. *McCreeliss v. Hinkle,* 17 Ala. 459; Code of 1876, § 2520. The case of *Farmer v. Farmer,* 26 Ala. 671, recognizes the principle settled in *McCreeliss v. Hinkle, supra;* and it has not been modified by the later cases of *Pearson v. Darrington* (32 Ala. 227), *Harrison v. Harrison* (39 Ala. 489), or *Ivey v. Cole-*

[Clark, Adm'r, v. Hughes.]

*man* (42 Ala. 409). (2) Those cases commented on, and distinguished from this case.

SNEDECOR, COCKRELL & HEAD, and WM. P. WEBB, *contra.*
(1) Independent of statutory regulation, it is well settled that administrators are allowed reasonable time in which to settle without liability for interest, unless interest has been made or the funds used; and, on the other hand, that they are liable for interest, whether actually made, or the funds used, or not, after the expiration of such reasonable time. The following authorities are in point: *Harrison v. Harrison,* 39 Ala. 511; *Hough v. Harvey,* 71 Ill. 72; *Gwynn v. Dorsey,* 4 Gill & J. (Md.) 453; *Chase v. Lockerman,* 11 *Ib.* 185; *Paine v. Paulk,* 39 Me. 15; *Stearns v. Brown,* 1 Pick. 530; *Dunscomb v. Dunscomb,* 1 John. Ch. 508; *Manning v. Manning,* 1 *Ib.* 527; *Williamson v. Williamson,* 6 Paige, 298; *Garniss v. Gardiner,* 1 Ed. Ch. (N. Y.) 128; *Ogilvie v. Ogilvie,* 1 Bradf. (N. Y.) 356; *Cooch v. Irvin,* 7 Ohio St. 22; *Light's Appeal,* 24 Pa. St. 180; *Biles' Appeal, Ib.* 335; *Burner's Appeal,* 57 *Ib.* 46; *Darrel v. Eden,* 3 Desau. (S. C.) 241; *Jenkins v. Fickling,* 4 *Ib.* 369; *Benson v. Bruce, Ib.* 463; *Lenoir v. Winn, Ib.* 65; *Brown v. Vinyard,* 1 Bailey (S. C.) Ch. 460; *McAlister v. Brice,* 1 McMull. (S. C.) Ch. 275; *Boynton v. Dyer,* 18 Pick. 1, 7; *Wyman v. Hubbard,* 13 Mass. 232; *Lamb v. Lamb,* 11 Pick. 371; *Forward v. Forward,* 6 Allen (Mass.), 494; *Wendell v. French,* 19 N. H. 205; *Lund v. Lund,* 41 N. H. 355; *Hallett v. Hare,* 5 Paige, 315; *Hasler v. Hasler,* 1 Bradf. 248; Perry on Trusts, § 468. (2) This rule has not been changed by statute. Section 2520 of the Code of 1876, relied on by the administrator, was designed for the protection of distributees. Without it the administrator, on a settlement made at the expiration of eighteen months, could remain silent, and escape the payment of interest, unless the distributees made proof to charge him. To remedy this, and to provide a mode of *purging the conscience* of the administrator before casting the burden of proof on the distributees, section 2520 was adopted. But this section has no application where the administrator retains the funds for an unreasonable length of time after he could and ought to have settled. Sections 2339 to 2669 of the Code form a general system of laws, enacted *for the speedy settlement* of estates, and are to be construed *in pari materia. Fretwell v. McLemore,* 52 Ala. 124. Construing section 2520 in connection with section 2528, authorizing (and hence requiring) a settlement as soon after the expiration of eighteen months as the condition of the estate will allow, and measuring it by the general object and design of the whole system of law touching administration of estates, it is clear that the settlements to which

[Clark, Adm'r, v. Hughes.]

section 2520 was intended to apply, were only such as were made pursuant to that system, to-wit: *speedy settlements.* (3) But this question is, we think, effectually settled by authority. See *Mims v. Mims,* 39 Ala. 716; *Pearson v. Darrington,* 32 Ala. 227; *Harrison v. Harrison,* 39 Ala. 511. In the case of *McCreeliss v. Hinkle,* 17 Ala. 459, the question here discussed was not raised or adverted to, and hence, there was no decision of it.

STONE, J.—The rulings in the case of *Clark v. Knox,* 70 Ala. 607, settle the principle that when an administrator, without sufficient cause, delays final settlement and distribution for an unreasonable time, he thereby incurs a liability to the legatees or distributees, for the damage he, in that way, inflicts on them, although he may, all the while, have safely kept the money unproductive and unemployed, and although he may make the statutory, exculpatory oath. The reason on which this ruling rests is, that it is the duty of the administrator to make settlement and distribute the assets, as binding on him as any other duty the statute casts upon him. It is his duty to become the actor in such proceeding. It is no excuse for him that the distributees might have moved against him, and thus coerced a settlement. Such motion, in its very nature, implies dereliction on the part of the administrator. A claim by a debtor that he shall not be charged interest on his debt past due, because he had all the while held the money, but the creditor had not sued for it, would present a seemingly parallel case. The damages such administrator is adjudged to pay, is not interest *as interest.* We adopt the statutory rate of interest, as the best, if not the only practicable measure of damages the nature of the question admits of. That is the rate for withholding money due, and this is but the withholding of money due.

But interest should not be computed from the day the assets are reduced to money, and thus made ready for distribution. When, as in this case, the statutory oath is taken, and it is not controverted successfully, a reasonable time should be allowed the administrator to make preparation for, and consummate a settlement. What is a reasonable time must depend, in large measure, on the facts of each particular case. Some settlements are much more complicated than others, in the facts or legal principles involved; and due regard should be had to these, in determining what is a reasonable time, in any given case. Some settlements can be made only in the chancery court, by reason of conflicting relations of the administrator, or other necessity for the exercise of chancery powers.—*Tankersly v. Pettis,* 61

Ala. 354, and authorities cited. There must be reasonable time allowed for arrangement of materials, and for conference with counsel, preliminary to filing the account current for settlement, or bill in chancery, as the questions to be decided may require. Then a reasonable time must be allowed for conducting the proceeding to final decree. What should be considered a reasonable time, would be the time consumed by an ordinarily prudent man, in commencing and carrying through a litigation of similar character, he had previously determined to institute. The particular court, whether probate or chancery, becomes a factor in this inquiry. The latter court has much longer vacations than the former, and, in general routine, a settlement in chancery requires more time for its completion than would be required in the probate court.

The chancellor, in his decree, alludes to the fact that the lands of Mrs. Cawfield's estate were sold, not for the payment of debts, but for partition or distribution. He says the administrator might have made his settlement earlier, if he had not proceeded to sell the lands, and thus allowed them to devolve undivided upon the heirs. The statute expressly authorizes the sale of lands for division, when they "can not be equitably divided amongst the heirs or devisees." And the executor or administrator must make the application.—Code of 1876, §§ 2449, 2450. The bill complains of no irregularity in the proceedings which resulted in the sale. The order of sale could not have been obtained, without satisfactory proof that the lands could not be equitably *divided* between the heirs. In the sale of the lands, the administrator did only what the statute authorized him to do, and in the absence even of averment, that a sale was not necessary to effect an equitable division, we must presume good faith in this act of administration, and hold that it shall exert no influence prejudicial to the administrator, in the matter of damages or interest with which he is charged.

The record shows that the last installment of the land-purchase was paid before March 1st, 1874, but we are not informed how long before. Till that payment was made, the estate was not in condition to be settled. We take that as the date from which it became the duty of the administrator to take steps looking to a settlement. The settlement in this case could only be made in the chancery court.—*Hays v. Cockrell*, 41 Ala. 75. The defendants necessary to be made to a bill by the administrator were non-residents, and it would require longer time to perfect service on them. Making reasonable allowance for the accidental delays of litigation, we think eighteen months a sufficient time for instituting and carrying such suit, in this case, to a final determination. Making the affidavit he did, and that

[Moody, Adm'r, v. Hemphill.]

not controverted, the charge of interest against the administrator should have commenced, September 1, 1875.

Reversed and remanded.