# Hastie & Silver *v*. Aiken *et al.*

67 313
109 476.

*Bill in Equity for Settlement of Trust, and Distribution of Funds.*

1. *Express trust; statute of limitations does not run against.*—The statute of limitations does not begin to run against an express and continuing trust, until the trustee disavows and repudiates the trust, and this disavowal is brought to the knowledge of the *cestui que trust.*

2. *Cestuis que trustent; can not set up statute of limitations against each other.* Cestuis que trustent can not set up the statute of limitations against each other, unless the trustee himself could make this defense against the *cestui que trust.*

3. *Same; evidence as to shares of, in trust fund.*—On a bill filed by a *cestui que trust*, against another *cestui que trust*, and the trustee, who holds funds belonging to them as late partners for a settlement of the trust, any evidence, such as the state of the partnership accounts, showing the relative proportion of, due to the claimants out of the fund, is admissible.

4. *Decree; what is such a final decree as will support appeal.*—A decree which settles all the equities between the parties is final, and will support an appeal, although it may be necessary to ascertain the respective shares of the parties in a fund in controversy.

APPEAL from Mobile Chancery Court,

Heard before Hon. JOHN A. FOSTER.

This was a bill filed July 13, 1880, by J. H. Hastie and W. H. Silver, as executors of the will of J. H. Hastie, Sr., against Clara Aiken, as administratrix of the estate of Alma Aiken, deceased. The bill avers that in December, 1867, John H. Hastie and Clara Aiken, of Baldwin county, formed a partnership in the lumber business, under the name and style of Aiken & Hastie; that Mrs. Aiken was to furnish the mill, and Hastie was to give to the business his personal supervision and management, having full control of it; that the profits and losses were to be equally divided, the firm paying for all supplies and materials and all expenses; that the partnership was continued for about six months, and was then dissolved; that during its continuance it had shipped lumber to New Orleans, to Ward & Hobson, to the value of $3,200; that on the dissolution of the firm Mrs. Aiken had ordered Ward & Hobson not to pay this sum over to said Hastie; that Mrs. Aiken and J. H. Hastie entered into the

following agreement : "There is a sum of money in the hands of Messrs. Ward & Hobson, of New Orleans, amounting to $3,209.43, and the right to, and ownership of it, is claimed by both. The money is not drawing interest; we, therefore, hereby agree that we will give a joint order for the same to Messrs. Price Williams & Son, who shall raise a special account on their books with Hastie & Aiken, and they shall proceed to invest the same in some good bonds, or mortgages on property in Mobile, and the proceeds of the coupons from such bonds, or the interest arising from the mortgage, or mortgages, said Price Williams & Son shall invest, from time to time, until such time as the said Hastie & Aiken shall draw said money, bonds, or mortgage by joint order, or the ownership being decided in law. In testimony whereof, we hereto set our hands and seals, this 29th day of January, 1873. (Signed in duplicate.) J. H. Hastie ; Clara Aiken." That the money was drawn by Price Williams & Son from Hobson & Ward ; that said Hastie paid with his own money many of the debts of the firm of Aiken & Hastie, and wound up all the business of the firm except the balance in the hands of Price Williams & Son ; that during the continuance of the partnership all materials furnished by either partner, or whatever sums were drawn on account of the partnership, was duly credited on the books of the firm; that John H. Hastie died in March, 1875, and that complainants are the duly qualified executors of his will; that Mrs. Aiken died intestate in August, 1877, and that the respondent, Alma Aiken, is the duly qualified administratrix on her estate ; that the fund in the hands of Price Williams & Son belongs to the estate of J. H. Hastie. The bill makes said Alma Aiken a party defendant thereto, as administratrix, and also Price Williams, as the surviving partner of the firm of Price Williams & Son, and prays that the fund may be decreed to belong to said Hastie. The administratrix of Mrs. Aiken's estate filed an answer, in which she denied that the fund in controversy belonged to John H. Hastie, but averred that it was the property of her intestate, and, also, filed a demurrer to the bill, on the ground : 1. That the bill was filed to settle an implied trust, and the right is barred by the statute of limitations of six years. 2. That the bill was filed to enforce a settlement of partnership accounts in determining which of the partners was entitled to the trust fund, and that the remedy was barred by the statute of limitations of six years. The respondent, Price Williams, also filed an answer, in which he averred that he held the money under the agreement which is set out above, and also demurred to the bill, on the ground that it was multifarious, seek-

[Hastie & Silver v. Aiken et al.]

ing to enforce the settlement of a trust, and at the same time seeking an account of partnership transactions.

The Chancellor overruled the demurrers, and rendered a decree declaring the complainant entitled to relief, and referred it to the register to ascertain whether the fund belonged to complainant's testator, or to Alma Aiken, as administratrix. 2. To state an account between the members of the firm of Hastie & Aiken. 3. What is the amount of the fund in the hands of Price Williams, held by him under said agreement? 4. What is a reasonable compensation for the trustee, for his services to the trust estate? This decree, and the decree overruling the demurrers, are assigned as error.

WATTS & SONS, for appellant.—The Chancellor refers it to the register to ascertain whether the fund belongs to the complainant. This was the very question the bill was filed to settle. Yet the decree declares the complainant entitled to relief. This is inconsistent and erroneous. If the bill was filed to settle the accounts of a partnership it was barred by the statute of limitations of six years.—*Bradford v. Spyker*, 3? Ala. 134. If the whole of the fund belonged to John H. Hastie he had an adequate remedy at law, and the complainants may still assert it. But if the fund is partnership assets, then complainants have no right to it until there is a settlement of the partnership accounts. If the fund belonged jointly to Mrs. Aiken and J. H. Hastie, then the remedy at law is complete, and, in whatever way we regard the bill, it is without equity. There was no evidence to support the allegations of the bill, and yet the Chancellor makes a decree on the merits of the cause. This can not be supported.

COBBS & TOMPKINS, for Williams.—The bill was barred by the statute of limitations of six years.—43 Ala. 201. Clara Aiken, as surviving partner, took the whole interest in the fund in the hands of Williams & Son, and, as the bill is filed too late to force a partnership settlement, it is without equity and should be dismissed.—49 Ala. 212; 1 Wm's on Ex'rs, 115. If Williams & Son are liable to any one, it is to the administratrix of the surviving partner.—8 Wheat. 669; Collyer on Part. § 666. The liabilities of Williams & Son in this case are only such as the law imposes on them. They hold the money to pay it to whomsoever it may belong.—*Martin v. Br. Bank Decatur*, 31 Ala. 131.

THOS. H. PRICE, and CLOPTON, HERBERT & CHAMBERS, for appellees.—Under the agreement of the parties, and the facts

shown in this case, the statute of limitations could never run against the rights of complainants, or their testator.— *Causler v. Wharton*, 62 Ala. 358 ; *Bradford v. Spyker*, 32 Ala. 134; *Cannon v. Copeland's Adm'r*, 43 Ala. 201. A *cestui que trust* can not set up the defense of the statute of limitations against his *co-cestui que trust.*—*Foscue v. Foscue*, 2 Iredell, 321. This doctrine is approved in 2 Perry on Trusts, 863. The possession of the trustee is the possession of each and every *cestui que trust*. This bill was not filed to settle partnership accounts, but to determine the ownership of a particular fund. Complainants will offer to prove enough of the partnership dealings to show themselves entitled to the trust fund. This evidence is certainly not barred by any statute of limitations.

SOMERVILLE, J.—This is not properly a bill for the settlement of partnership accounts of the firm of Aiken & Hastie. If so, the plea of the statute of limitations of six years, might be a sufficient answer to the case made by the bill, unless it come within the principle decided in *Causler v. Wharton*, 62 Ala. 359, which is immaterial to be decided. We may concede that the lapse of six years from the date of dissolution, ordinarily, and as a general rule, operates to bar a suit in equity for the settlement of partnership accounts. *Bradford v. Spyker's Adm'r*, 32 Ala. 134.

The complainant in the bill does not pray for any decree or relief against the defendant, based on any balance due on such settlement. Such claim is expressly renounced, and all redress founded on it is directly repudiated. It is the recovery and enforcement of such a personal decree that statutes of limitations are held to legally bar. They affect the remedy, rather than the right.—2 Brick. Dig. p. 217, § 1.

The contention here is a trust fund—an amount of money over five thousand dollars—deposited, by special agreement, in the Bank of Mobile, under the management of Price Williams & Son, who were constituted trustees for its investment, until the claimants could settle their relative rights to it by agreement or litigation. This is not a trust raised by implication of law, such as comes within the operation of the statute of limitations. It is an express and continuing trust, created in writing, against which time would not, in general, commence to run until the trustee disavows and repudiates his trust, and such conduct, or disavowal, is brought to the knowledge of the *cestui que trust*. It is the maxim of honesty, as well as of settled law, that no trustee, while occupying his position of trust and confidence, should be heard to lay claim to the trust fund by setting up an adverse

title.—2 Perry on Trusts, § 863; 2 Brick. Dig. p. 217, § 10; 7 Wait's Act. & Def. p. 269, § 22.

And as the possession of the trustee is, in law, that of each beneficiary, of whom he is the fiduciary agent, it is also settled that one *cestui que trust* can not set up the statute of limitations against his *co-cestui que trust*, unless, perhaps, under such circumstances as would authorize the trustee himself to make such defense.—2 Perry on Trusts, § 863; Hill on Trustees, p. 390; *Foscue v. Foscue*, 2 Ired. 321. The defendants, therefore, were precluded from undertaking to set up any right to this fund, claimed to have accrued by mere bar of time. The demurrer, interposing the statute of limitations, was properly overruled. The complainant was entitled to introduce any legal evidence showing the relative ratio of ownership of the claimants in the disputed fund. The statute of limitations never bars the introduction of *evidence*, for a deed may be so old that it is admitted as an ancient document without preliminary proof of its execution. The state of the partnership accounts necessarily determines the *proportion* of the trust fund to which the beneficiaries are severally entitled. It is the mere *incident*, and not the *gravamen* of the suit. The decree of the Chancellor ordering the register to take such an account was, therefore, correct.

The decree of the Chancellor settled all the *equities* between the parties litigant, and there remained only a reference to be had, in order to ascertain their ratio of interest in the disputed fund. The decree was, therefore, final, and will support an appeal to this court.—1 Brick. Dig. p. 89, § 85, and cases cited.

The above views of this case render useless the consideration of the other grounds of demurrer, which are based upon the erroneous theory that the suit is an ordinary one for the settlement of partnership accounts, and that the trust created is not an express one.

The decree of the Chancellor is affirmed.