# Stoudenmire *v.* DeBardelaben.

*Bill in Equity against Husband, for Account of Waste committed on Wife's Lands during Coverture.*

| 85 | 85 |
|-----|-----|
| 101 | 399 |
| 85 | 85 |
| 109 | 476 |
| 85 | 85 |
| 127 | 428 |

1. *Conclusiveness of former decision, when assailed on second appeal by assignments of error on affirmed decree.*—By express statutory provision, a former decision of this court is not conclusive on a second appeal in the same cause, but the court is required to decide the case without regard to the former ruling (Code, § 683 a); yet, when the former appeal was taken from a final decree in chancery, and that decree was affirmed, and a second appeal is sued out, after the lapse of twelve months from its rendition, from the subsequent proceedings in the statement of the matters of account, the statute does not require nor authorize the court to consider assignments of error based on the former decree, and such assignments will be stricken out on motion.

2. *Waste by husband, by removal of houses from wife's lands; measure of damages, and evidence relating to.*—Where the sole legatee and devisee of the deceased wife files a bill in equity against the surviving husband, for an account of waste committed during coverture by the removal of houses from the wife's lands to his own, the complainant succeeds only to the rights of the wife, and can only recover the damages which accrued to her; the indirect injury to adjacent river lands belonging to the complainant himself, which were not suitable for residence or cultivation, is not an element of recoverable damages; and the houses having been removed with the consent of the wife, the measure of damages is, not the value of the houses, but the actual injury to the land—that is, the difference in its market value before and after removal.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case wa filed on the 2d June, 1882, by J. D. Stoudenmire, against Warren L. DeBardelaben; and sought an account of waste, alleged to have been committed by the defendant on lands belonging to his wife, Mrs. Caroline W. DeBardelaben, since deceased, who was the mother of the complainant by a former husband. The alleged waste

[Stoudenmire v. DeBardelaben.]

was committed in 1872, on a tract of land which Mrs. De-Bardelaben held under the will of her former husband, called the "Home Place," and consisted in the removal of the dwelling-house and other buildings thereon to the adjoining lands of said Warren L. Mrs. DeBardelaben died in 1878, and by her last will and testament, which was duly admitted to probate in October, 1878, devised and bequeathed all her property, "real and personal, of every kind and description," to her son, the complainant. W. H. Northington qualified as executor of her will, and continued to act as executor until his death in 1881; and the bill alleged that no other administration had ever been granted, and that there were no debts outstanding against the estate. There was a demurrer to the bill, assigning several particular grounds, which the chancellor overruled; and on final hearing, on pleadings and proof, at the February term, 1886, he rendered a decree for the complainant, holding that he was entitled to an account of the waste committed by the defendant, and ordering an account to be stated by the register. This decree was affirmed by this court, during its December term, 1886, on appeal sued by the defendant, as shown by the reported case.—82 Ala. 574–80.

On the subsequent statement of the account by the register, he allowed the complainant to prove, against the defendant's objection, "that he owned a tract of land near the 'Home place,' nearly two miles distant, known as the 'River plantation,' the two tracts together having constituted the plantation and homestead of his deceased father, Samuel Stoudenmire; that the river place was considered unhealthy, and, on that account, the buildings on the 'Home place' were used by the laborers on the 'river place';" and to this ruling the defendant excepted. The defendant contended before the register, that if he was liable at all for waste, the measure of damages would be "the difference in the value of the lands with and without the houses;" and the testimony introduced by him, as the register reported, showed that this was "about $5.75 per acre, amounting to $948.75, which, with interest for nine years, $673.10, amounted to $1621.85." The register further reported, "that the complainant offered no evidence for or against this view of the case, but contended that he was entitled to recover reasonable compensation for the injury actually suffered by him—that is, the value of the houses removed by the defendant." The register so ruled, and reporting that, from all the testimony, the value

of the houses was $2,500, he ascertained and reported that sum with interest, amounting in all to $4,300, as the damages the complainant was entitled to recover. To each of these rulings the defendant reserved exceptions. The chancellor overruled the complainant's exceptions to the report, and sustained the defendant's; and the report having been corrected and confirmed, he rendered a decree for the complainant for $1,621.85, as the amount of his damages with interest.

From this decree the complainant appeals, and assigns as error the rulings of the chancellor on the register's report, overruling his exceptions and sustaining the defendants. The defendant also appeals, and assigns as error the decree holding him liable at all for waste. The complainant moved to strike out the several assignments by the defendant based on the former decree which was affirmed by this court.

BRICKELL, SEMPLE & GUNTER, for the complainant below. (1.) The complainant should have been allowed to prove the use to which the houses were applied for the benefit of the river lands, as one element of value. Value is a complicated question, and no rule can be formulated which will apply to all cases; but, as a general rule, compensation to the owner is to be estimated by reference to the uses for which the property is suitable—that is, what it is worth from its availability for valuable uses.—*Boom Co. v. Patterson*, 98 U. S. 408. (2.) The complainant is entitled to recover, not the diminution in the value of the land, but the value of the houses removed, as if timber had been cut and removed. *Van Densen v. Young*, 29 N. Y. 33. Any other rule would fail of giving compensation, and would enable the wrongdoer to take advantage of his own wrong. (3.) On the merits of the case, the former decision is conclusive. The decree from which the former appeal was taken, was final, and was affirmed by this court. All assignments of error questioning its correctness should be stricken out.

WATTS & SONS, for the defendant.—(1.) By express statutory provision, this court is required to disregard its former decision in the case, and to consider and decide the questions involved as if now presented for the first time. Code, § 683 a; *Moulton v. Reid*, 54 Ala. 328. The statute is highly remedial, and it should receive a liberal construction. Where the rights of third persons have not inter-

[Stoudenmire v. DeBardelaben.]

vened, the former decision is entitled to no weight, but the court is required to disregard it, if deemed erroneous. A construction which would exclude from its operation such cases as this, would emasculate it—would destroy the greater part of its beneficial effects.    (2.) On the merits of the case, as disclosed by the whole record, the defendant contends, that the bill ought to be dismissed—that the complainant shows no right of action in himself; that the right of action, if any, was in the personal representative of the deceased wife; that the right of action, in favor of the wife herself, was barred by the statute of limitations before her death; and that she never had a right of action, because the houses were removed by her consent, and with her active participation.—6 Wait's Ac. & D., 238, 251–5; 4 Kent, 76; 29 Mo. 327; 3 Mur. (N. C.) 511; *Hunt v. Hill,* 37 Maine, 363; *Robinson v. Wheeler,* 25 N. Y. 253; 2 McCord's Ch. 137; *Peterson v. Clark,* 15 Johns. 205; *Beatty v. Abercrombie,* 18 Ala. 9; *Kelly v. Kelly,* 9 Ala. 908; *Sullivan v. Lawler,* 72 Ala. 68; *Knotts v. Tarver,* 8 Ala. 743; *Russell v. Little,* 28 Ala. 160; 25 Maine, 531.    (3.) The complainant claims damages for alleged waste committed on the "home place," and the indirect injury thereby caused to his own lands, which were not a part of that place, is outside of the issue.    (4.) The measure of damages, in a case of waste, is the diminution in value thereby caused to the estate.—Suth. Damages, 392–3; 4 Kent, 76; *Clark v. Zeigler,* 79 Ala. 340.

CLOPTON, J.—These are cross appeals.    J. D. Stoudenmire, who is complainant in the bill, makes a preliminary motion to strike out the assignments of error relating to the decree of February 8, 1886, assigned by defendant.    The contestation on the motion is: complainant insists that the decree, being final, and having been affirmed at a former term on appeal by the defendant, is beyond the power of the court to open and reconsider on this appeal; and defendant contends, that under the statute, it is the duty of the court to declare the law of the case without regard to any former ruling, or to the time when such ruling was made.    The decree of February, 1886, affirmed that complainant was entitled to the equity he seeks by the bill; it settled the equities between the parties, and there only remained a reference by the register for the ascertainment of the amount.    By all our decisions, the decree was final, and would support an appeal.—*Garner v. Prewitt,* 32 Ala. 13;

[Stoudenmire v. DeBardelaben.]

*Jones v. Wilson,* 54 Ala. 50. More than one year had elapsed after its rendition before the present appeal was sued out; an appeal from the decree was barred. Under our uniform ruling and practice in such cases, the assignments predicated on alleged error in the decree of February, 1886, must be stricken out, unless the statute invoked operates the abrogation or modification of such rule, in cases where there has been a ruling on appeal from a final decree, and the case is again brought before the court by a subsequent appeal from the decree rendered on ulterior proceedings, and for the adjustment of incidental or dependent matters.—*Bradford v. Bradley,* 37 Ala. 453; *May v. Green,* 75 Ala. 162.

Section 683 *a* of Code, 1886, declares: "The Supreme Court, in deciding each case, when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time, is law, without any regard to such former ruling of the law by it." The manifest purpose of the statute is to abrogate the pre-existing rule, that the principles decided and the rulings made on appeal, however erroneous, were the law of the particular case, and governed the inferior court in all subsequent proceedings, and the appellate court on a subsequent appeal in the same case.—*Moulton v. Reid,* 54 Ala. 320. But this is the full scope and operation of the statute, when construed in connection with other statutes regulating appeals. It was not intended to repeal, *pro tanto,* the statute of limitations restricting the right of appeal; nor to indirectly give the benefit of appeal, when the right is barred, by authorizing assignments of error purely retrospective in their effect and relation; nor to abrogate the well established rule, that a judgment of affirmance is beyond the power of this court after the expiration of the term when rendered, unless suspended by a proper and seasonable application for rehearing. By its terms, the statute only contemplated a case properly brought before the court for decision by appeal, or other appropriate supervisory proceeding; and only has operation when the case thus brought before the court a second time involves the same principles and questions decided on the former appeal, and devolves on the court the necessity and duty to reconsider and affirm or overrule its former rulings. The defendant appealed from the decree of February, 1886, and it was affirmed by this court May 10, 1887. The statute was not designed to impose on the court the duty, *ex mero motu,* to revise its former rulings, when the same rulings are

[Stoudenmire v. DeBardelaben.]

not presented nor involved in the second appeal; and has no operation when a final decree on appeal has been affirmed, the term of the court has expired, and more than one year has elapsed from the rendition of such decree before the second appeal is sued out by the same appellant, from a subsequent decree, merely adjusting the matter of account, so as to enable the complainant to obtain the rights to which he is entitled under the first decree, and which does not alter or conflict with the first decree. The motion to strike out the assignments of errors must be granted.

Complainant seeks by the bill to compel defendant to account for waste committed by removing houses from the land of his wife, which was her statutory separate estate. Regarding, as we must, the first decree and its affirmance conclusive as to the liability of the defendant for the committed waste, the only question which we can properly consider on this appeal, relates to the basis on which the amount of compensation should be ascertained. We do not propose to state or to attempt to formulate a rule applicable to all cases of waste, but merely to determine what is the proper rule of damages under the special circumstances of this case. At the time of the alleged waste, the land was the separate statutory estate of the wife of defendant, who was the mother of complainant. She was then living, and the waste was solely to her interest and estate in the land. The right of complainant to compensation is not founded on the ground, that the waste was an injury to any interest or estate which he *then* owned in reversion or remainder, or by inheritance, but on the ground that he is the sole devisee of the real and personal property of his mother, including the claim for waste, and that there is no administration nor debts of the estate. *DeBardelaben v. Stoudenmire*, 82 Ala. 574. The complainant succeeded to and claims in right of his mother, and is only entitled to such damages as she could have recovered.

Such being the nature and extent of his right, the availability of the land for use and occupation by the laborers on the river plantation of complainant, which was unsuitable for residence on account of unhealthiness, can not be regarded or estimated as an element of damage. The river plantation was not owned by the mother of the complainant during her life-time, and the impairment of the availability of the land for such use by the laborers on the river plantation was not an injury to her interest or estate, except that the contiguity of the land to an unhealthy place may be a proper consider-

ation in estimating the market value of the land at the time of the removal of the houses; but can not be otherwise taken into account in adjusting the compensation to be allowed complainant.

The evidence shows that the houses were removed with the consent, if not by direction, of the wife of defendant. It is. true the defendant has the benefit of the houses, being located on his land; but this does not, of itself, make him responsible for the *value* of the houses, as for a conversion. If removed with her consent, there was no conversion as against the mother of complainant. Evidence of their value may be relevant, as affecting the inquiry in regard to the injury done to the land. But, should the value of the houses be adopted as the rule of damages, the complainant would recover, as shown by the evidence and the report of the register, compensation for the waste committed by their removal; exceeding the entire value of the land with the houses remaining on it; which would be unjust to defendant. Under the circumstances of the case, shown by the evidence, the complainant is not entitled to recover more than the *actual* damages suffered by the mother, which consists in the injury done the land—its diminution in value—by the removal of the houses; that is, the difference between the market value before and after the houses were removed.—*Chipman v. Hibberd*, 6 Cal. 162; *Ackey v. Hull*, 7 Mich. 422; *Clark v. Zeigler*, 79 Ala. 346. The register reported that the difference in value, with and without the houses, is, according to the testimony of defendant's witnesses, including interest, $1,621.85, and that complainant offered no testimony as to such difference in value. The chancellor decreed this amount in favor of complainant; and on a consideration of the entire evidence, his decree appears substantially correct.

Affirmed.

