[Garry & Welpin *et al.* v. Jenkins, Moore & Co. *et al.*]

# Garry & Welpin *et al.* v. Jenkins, Moore & Co. *et al.*

*Bill in Equity to set Aside a Conveyance as Fraudulent.*

1. *What is a final decree, so as to support an appeal.*—A bill in equity was filed by creditors on behalf of themselves and all other creditors who should come in and propound their claims, against a debtor, his vendee, and a bank, to set aside a sale and conveyance as in fraud of creditors. Upon submission of the cause, on the bill and answers and evidence, for final decree on the merits, a decree was rendered ordering, adjudging, and decreeing that the complainants were entitled to the relief prayed against the debtor and his vendee; that the conveyance was fraudulent and void as to complainants, and that it be set aside, to the end that complainants, whose debts were admitted in the answers, and other creditors, should subject the goods or their proceeds to the satisfaction of their demands, and that the vendee be held to account to the complainants for the proceeds of the sale of said goods, it being shown by the evidence, and recited in the decree, that the vendee had disposed of the property; and, finally, that complainants were not entitled to relief against the bank, and that the bill be dismissed as to it. *Held*, that the decree was final in the sense necessary to support an appeal, though a reference to the register was necessary to ascertain the respective shares of the complainants in the fund to arise on the equities decreed, and though other creditors might come in after the rendition of the decree.

2. *When review of final decree is barred on an appeal from a subsequent decree.*—Where, on a bill in equity by creditors to set aside, as fraudulent, a conveyance made by the debtor, and to charge his vendee as a trustee *in invitum*, a final decree was rendered, adjudging all the rights and liabilities of the parties, and it only remained to ascertain the amounts of the admitted indebtedness, and the amount for which said vendee was liable, and no appeal from this decree was taken within a year—on an appeal from a subsequent decree in the case, error cannot be assigned upon said final decree or on rulings which preceded it.

APPEAL from the City Court of Birmingham.
Heard before the Hon WM. W. WILKERSON.

ARNOLD & EVANS, for appellants, contended that the

decree of June 29, 1893, was not final, under any rules laid down by this court, and, in support of this proposition, cited 1 Daniell's Ch. Pr. (Cooper's note, Ed. 1879), Marg. p. 794, & notes: *Garner v. Prewitt,,* 32 Ala. 18; *Walker v. Crawford,* 70 Ala. 571; *Kimball v. Rogers,* 90 Ala. 343; *Randal v. Boyd,* 73 Ala. 285.

CABANISS & WEAKLEY and MOUNTJOY & TOMLINSON, *contra.*—(1) When a decree is final upon the merits,—adjudging the equities and settling the rights of the parties,—an appeal will lie under the statutes. If the decree possesses these properties, it is immaterial, so far as affects the right of appeal, that the cause is still in progress, awaiting further proceedings necessary to entitle the successful party to the possession and enjoyment of the rights adjudged to him.—3 Brick. Dig. p 34, § 12, and authorities there cited; *ex parte Elyton Land Company;* 15 So. Rep. 939. (2) The decree settling the rights of the parties is final, though a reference to the register is made to ascertain their respective shares of a fund in controversy.—*Hastie v. Aikin,* 67 Ala. 313. Although the bill was a general creditors' bill, the decree was final, and could not be assailed by other creditors coming in *under* it. The fact that other creditors were invited in made it none the less a *final* decree.—79 Ala. 590, 610.

MCCLELLAN, J.—The bill in this case was filed by Jenkins, Moore & Co. and others on behalf of themselves and all other creditors of Garry & Welpin who should come in and propound their claims, &c.,&c., against said Garry & Welpin, Charles Drennen, and the Jefferson County Savings Bank. The bill alleged that the complainants were creditors, in the several amounts set out therein, of Garry & Welpin, on and prior to October 1st, 1891; that Garry & Welpin were then insolvent, and known to the other respondents to be so; that on said day said Garry & Welpin sold and transferred their entire stock of goods, wares and merchandise, and also the lease of the storehouse in which they were doing business, to Charles Drennen; that this sale was ostensibly made in payment of a debt alleged to be due from Garry & Welpin to Drennen, and that the sale was fraudulent and void as to creditors, for that said alleged debt was not

real, but simulated, but if not simulated was materially less than the value of the property transferred to Drennen as in payment of it, but that if not simulated and not materially less than such value, a secret benefit was reserved to the sellers, or, if mistaken in these averments, that the sale was upon a cash consideration, &c., and that the sale was made with the intent on the part of the sellers, known to and participated in by the purchaser, to hinder, delay and defraud their creditors.　The bill also alleged that the Jefferson County Savings Bank "is interested in said bill of sale to said Charles Drennen, but your orators do not know how or what interest it has, but your orators aver that it is participating in and conspiring with said other defendants in said fraudulent sale."　The prayer of the bill is that said sale be declared fraudulent, that the stock of goods be subjected to the demands of the complainants, that said Drennen and the bank be held as trustees *in invitum* as to, and made to account for, the proceeds of any of said property which may have or shall have been disposed of by them, for the benefit of complainants and such other creditors of Garry & Welpin as should come in and share the expenses of the suit, and for such other relief as complainants may be entitled to, &c., &c.　Answers were filed by all the respondents, admitting Garry & Welpin's indebtedness to complainants as alleged in the bill, and the sale by them to Drennen, but denying all averments of fraud in respect thereto, and alleging facts going to show that the sale was made in good faith in payment of an antecedent debt not materially less than the value of the property, that no secret benefit was reserved, &c. &c.; and for the bank it was further denied that it had any connection with or interest in the sale, &c., &c. The testimony was taken, and upon the bill and answers and evidence there was, on May 22d, 1893, a submission for final decree on the merits of the case.　It is not now sought to have the conclusions of the city judge on the facts reviewed, and the evidence is not set out in the record.　It is shown by the opinion of the city judge, however, that it was proven in the case that Drennen took possession of the stock of goods on the day of the alleged sale, and continued for about three weeks to sell the same in the usual course of the business and to receive the proceeds of such sales, and then he sold the

entire remaining stock to a newly organized corporation for a round sum, which he testified had been paid to him. This corporation purchaser from Drennen the court below found to be in reality Garry & Welpin, continuing the business under the corporate name of Southern Store Supply Co. The opinion of the city judge concludes as follows: "The court is of the opinion that the firm Garry & Welpin and the Southern Store Supply Co., were allotropic conditions of the same business. There was no difference in the composition of the two, but only in the appearance and method of combination. The court is of opinion that the sale to Dr. Drennen was simulated for the purpose on the one part of hindering and defrauding creditors, and on the other of obtaining a benefit not authorized by law. The court is of opinion that the defendants have not shown by the necessary measure of proof that the consideration for the sale was adequate. The court is further of opinion that the evidence in this cause is not sufficient to impose a liability to complainants on the defendant, The Jefferson County Savings Bank." And then, having reference to these conclusions, the court proceeds to decree relief as follows: "Wherefore, in the cause of Jenkins, Moore *et al. v.* Garry & Welpin *et al.*, in equity in the city court of Birmingham, it is ordered, adjudged, and decreed by the court that complainants are entitled to the relief prayed for in their bill against defendants Garry & Welpin and Charles Drennen, and that the sale of the stock of goods made by Garry & Welpin to Charles Drennen on October 1st, 1891, be and the same is hereby declared and held to be fraudulent and void as to the creditors of said Garry & Welpin who were such creditors on Oct. 1, 1891, and said sale is hereby set aside. It further appearing to the court that said Charles Drennen has disposed of said stock of goods, it is ordered, adjudged, and decreed by the court that he be held as trustee *in invitum* thereof for the benefit of the complainants and such other creditors of Garry & Welpin who shall come in this suit and be entitled to the benefit thereof. It is further ordered, adjudged and decreed by the court that complainants are not entitled to the relief prayed for against The Jefferson County Savings Bank, and that as to it complainants' bill be and the same is hereby dismissed. It is further ordered that this cause be retained in this

[Garry & Welpin *et al.* v. Jenkins, Moore & Co. *et al.*]

court for such other and further orders and decrees as may be proper.''

This decree was rendered on June 29th, 1893. On July 31st, 1894, the present appeal was taken,—more than a year after the rendition of said decree. This appeal is taken from a decree rendered on December 22nd, 1893, but the only assignments of error insisted upon have reference to orders and interlocutory decrees of the court which preceded the decree of June 29th, 1893. Motion is here made by appellees to strike out all assignments of error which are addressed to rulings, orders and interlocutory decrees made and rendered prior to the 29th day of June, 1893, on the ground that the decree of that date was a final decree in the cause, would have sustained an appeal upon which all such antecedent action of the court could have been assigned as error and reviewed; and that on this appeal, taken more than a year after such final decree, and nominally from a later and different decree, none of these rulings can be assigned.

It is clear to us that this motion must prevail. The city judge seems to have been particularly careful to make the decree of June 29th, 1893, a final decree. He first states his conclusions from the facts, and this was all that would have been necessary had his purpose been to leave the equities of the case open until there was an ascertainment of complainants' demands and of the amount of Drennen's liability. But instead of stopping here, he proceeds, with these conclusions as a predicate, to *order, adjudge, and decree* that the complainants are entitled to the relief prayed against Garry & Welpin and Drennen, that the sale by Garry & Welpin to Drennen was fraudulent and void as to complainants, and that it be set aside, to the end that complainants, whose debts are admitted in the answers, and other creditors of Garry & Welpin, should subject the goods or their proceeds to the satisfaction of their demands, and that Drennen be held to account to the complainants for the proceeds of the sale of said goods, it being shown by the evidence, and recited in the decree, that Drennen had disposed of the property; and, finally, that complainants were not entitled to relief against the bank, and that the bill be dismissed as to it. This was a settlement of every equity in the cause. All that remained to be done was a refer-

ence to the register to ascertain the amounts of the debts of the complainants, the existence of their debts being confessed, and of the creditors coming in under the bill, and of the precise amount of Drennen's liability as trustee *in invitum* of the proceeds of the property sold by him, and the making of orders and decrees necessary to the collection of such amount and its distribution among the creditors,—a mere matter of accounting and settling the *amounts* to be paid and received under the decree of June 29th, whereby the creditors' right to demand and receive, and Drennen's liability and duty to account and pay, were fully and finally adjudged and decreed. Under all the authorities this was a final decree. It is clearly within the definition laid down in Brickell's Digest, as the result of all the cases up to that time, of a decree upon which an appeal may be taken as from a final decree : "When a decree is final upon the merits—adjudging the equities and settling the rights of the parties—an appeal will lie under the statutes. If the decree possesses these properties, it is immaterial, so far as affects the right of appeal, that the cause is still in progress, awaiting further proceedings necessary to entitle the successful party to the possession and enjoyment of the rights adjudged to him."— 3 Brick. Dig. p. 34, § 12, citing *Jones v. Wilson*, 54 Ala. 50 ; *Smith v. Coleman*, 59 Ala. 260 ; *Hastie v. Aiken*, 67 Ala. 313 ; *Walker v. Crawford*, 70 Ala. 567 ; *Randle v. Boyd*, 73 Ala. 283 ; *Cochran v. Miller*, 74 Ala. 50; *May v. Green*, 75 Ala. 162, and *Adams v. Sayre*, 76 Ala. 500 ; and to these may be added, *Voltz v. Voltz*, 75 Ala. 555 ; *Marshall, Davis & Co. v. McPhillips*, 79 Ala. 145; *Morton & Bliss v. N. O. & S. R'y. Co.*, 79 Ala. 590, 612 ; *Stoudenmire v. DeBardelaben*, 85 Ala. 85 ; *Louisville Manufacturing Co. v. Brown*, 101 Ala, 273 ; *Foley v. Leva*, 101 Ala. 395 ; *Ex parte Elyton Land Co.*, 104 Ala. 88. Neither the fact that a reference to the register was necessary to ascertain the respective shares of the complainants in the fund to arise on the equities decreed, nor the fact that this was a general creditors' bill, and others might come in after the decree of June 29th, 1893, prevented that decree from being a final decree in the sense necessary to support an appeal.—*Hastie v. Aiken*, 67 Ala. 313; *Morton & Bliss v. N. O. & S. R'y. Co.*, 79 Ala. 590, 610, 612.

The cases relied upon by appellants are not in conflict with the principle declared above, nor opposed to its aplication to this case.—In *Garner v. Prewitt*, 32 Ala., 13, the equities of the parties were not settled by the decree, and the ruling against its finality is put expressly on this ground. The question of merit in the case was whether Garner should be credited with "the annual expenditures on account of the partnership plantation and with the sum paid for rope and bagging," &c. Without any decision of this question, the decree appealed from referred it to the register to ascertain the *amounts* of the expenditures; and of this the court said: "It is not determined, either in that or in any previous order, whether or not Garner would be credited with those two items. It is altogether probable that he would be so credited, but it was not judicially determined. The equity of the parties as to two matters was thus left open and undecided." And for this reason the decree was held not to be final. So in *Kimbrell v. Rodgers*, 90 Ala. 339, which was a forclosure bill, one issue was whether anything was owing on the mortgage debt Until this issue was settled, it could not be said, of course, that the equities were determined. The decree was held by this court not to be final, because it referred this to the register, the court saying: "The issue of indebtedness *vel non* was not determined by the decree of January 18th, but was by that decree referred to the register, and the essence of the relief prayed—the sale of the land for the satisfaction of the mortgage—could not be, and was not, granted until after the coming in of the register's report ascertaining indebtedness under the mortgage." And the case of *Walker v. Crawford*, 70 Ala. 567, is of the same sort: the decree appealed from did not determine that the defendant owed the complainant the money which was sought to be recovered by declaring and enforcing a lien on the land as for purchase money, and which the defendant claimed had been paid. This was an unsettled equity in the case, and hence the decree was not final.

In the present case no equity remained undetermined after the decree of June 29th, 1893. Complainants' debts were not denied, but expressly admitted. They prayed for specific relief, and the decree determined they were entitled to it. All the rights and liabilities of

all parties were adjudged by the decree; and it only remained to ascertain amounts of admitted indebtedness and the amount for which Drennen was liable as trustee *in invitum*. The decree was final, we conclude, and would have supported an appeal. No appeal having been taken within a year, errors can not be assigned upon it, or on rulings which proceded it. Those which have been assigned here must be stricken in response to the motion of appellees.—*Stringfellow v. Ivie*, 73 Ala. 209; *May v. Green*, 75 Ala. 162; *Stoudenmire v. DeBardelaben*, 85 Ala. 85. This leaves only two assignments of error in the record, upon neither of which have counsel insisted, either in the oral argument or in their brief. They will therefore not be considered.

The motion to strike out assignments of error is granted, and the decree of the city court is affirmed.