(94 South. 308)

**COKER et al. v. COKER et al.** (7 Div. 255.)

(Supreme Court of Alabama. Oct. 12, 1922.)

**1. Appeal and error ☞344—Decretal order, ruling on basis of attorney's allowance for fees, held interlocutory.**

Attorneys filed petition praying for' allowance to them of attorney's fee to be taxed and paid to them as costs, under Code 1907, § 3010, and by decretal order of November 18 the court ruled that they were entitled to compensation for certain services but not for other services, and the question of what was a reasonable compensation was referred. The register reported his ascertainment on the following March 22, and on April 9 the court sustained the attorneys' exceptions to the report, annulled it, and itself, by reference to the entire evidence, fixed the amount. Defendant's assignments of error assailed the conclusions expressed in the decretal order of November 18, and the sustaining of exceptions to the register's report. Held, that the contention of the attorneys, as appellees, that the decretal order of November 18 could not be reviewed on the appeal, because the period for appeal had expired before the appeal was perfected could not be sustained, the order being interlocutory in its nature, as the act of the court in ordering reference was an administrative process only, and final adjudication was made only when the amount of compensation was fixed by it.

**2. Appeal and error ☞843(3)—Where court had power to and did make its own findings independent of the reference, neither register's report nor action of court on exceptions to it is material.**

In an appeal by an executor from an allowance as attorney's fees under Code 1907, § 3010, held, that neither the register's report nor the action of the court on exceptions to it is material, since it arrived at its conclusions independent of the reference to the register, which it had the power to do.

**3. Attorney and client ☞155—Statutory compensation for services to an estate held for legal services beneficial to common estate, as distinguished from individual interests therein.**

Compensation for legal services, which may, under Code 1907, § 3010, be imposed on an estate or fund, is for only such services as are beneficial to the common estate, as distinguished from services in presenting or preserving the individual interests of parties to the cause or proceeding.

**4. Executors and administrators ☞216(2)—Attorneys entitled to compensation, under statute, for procuring execution of bond by executor.**

Where attorneys in the administration of an estate procured the execution of a bond by the executor, held, that they were entitled to compensation, under Code 1907, § 3010.

**5. Executors and administrators ☞216(2)—Measure of statutory compensation to attorney for procuring execution of bond by executor to be determined by necessity for bond.**

Where, in the administration of an estate, an attorney procures the execution of a bond by the executor, the attorney's compensation, under Code 1907, § 3010, providing for attorney fees in partition and trust proceedings, should be determined from evidence of the reasonable value and benefit to the estate as a whole of such bond, and the necessity therefor.

**6. Executors and administrators ☞216(2)—Services of attorney held not shown to have increased value of estate.**

In support of claim by attorneys, seeking allowance of attorneys' fees under Code 1907, § 3010, for services to an estate by filing a bill securing removal from probate to chancery court, that their services increased the value of the estate, they insisted that, because the defendant executor individually, subsequent to the filing of the bill, purchased proportionate interests of legatees and devisees at figures in excess of the purchase price of proportionate interests bought before the bill was filed, the value of the estate was approximately doubled. Held, that mere insistence could not be justified, for no additional assets of the estate were gained by the bill; but the value manifested by such subsequent purchases was that of trade between individuals buying and selling, and the estate was no greater than before.

**7. Executors and administrators ☞216(2)—Attorneys' compensation under statute held to depend on benefits accruing to estate from filing bill against executor for removal from probate to circuit court.**

The only basis for compensation, under Code 1907, § 3010, for attorney's services in bringing suit for the estate is the advantageous effect of the filing of the bill.

**8. Executors and administrators ☞216(2)—Client's promise to pay fee of attorney not able to recover compensation under statute held not to deprive attorney of right to recover fee under statute, if able to sustain right to it.**

If those interested in an estate, filing a bill to remove it from probate to equity court, obligated themselves to pay their attorneys compensation in event their claim for fee under the statute was not sustained, this did not deprive the attorneys of such right to compensation under Code 1907, § 3010, as they were able to sustain.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by A. H. Coker and others against W. H. Coker, as executor of the estate of John W. Coker, and others, for removal of the estate from probate to equity court, with petition by Dortch & Allen for allowance of attorney's fees. From a decree allowing compensation to the attorneys, the executor appeals. Reversed and remanded.

Hugh Reed, of Center, for appellant.

It not appearing from the averments of the petition that the services rendered were for the common benefit of all the parties, the demurrer should have been sustained. 176 Ala. 151, 57 South. 776; 191 Ala. 195, 67 South. 985; 205 Ala. 219, 87 South. 354.

Dortch, Allen & Dortch, of Gadsden, for appellees.

Where there is a common trust or fund, and suit is instituted by one for the benefit of all, it is not just that one alone should bear the burden. 191 Ala. 195, 67 South. 985; 195 Ala. 547, 70 South. 685; 82 Ala. 213, 2 South. 760; 70 Ala. 534; 105 U. S. 527, 26 L. Ed. 1157; 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915. Where there are two final decrees the first can only be reviewed, when appeal has not been barred. 176 Ala. 445, 58 South. 426; 132 Ala. 131, 31 South. 474.

McCLELLAN, J. This is an appeal by W. H. Coker, as executor of the estate of John W. Coker, deceased, from a decree of the circuit court, in equity, awarding Messrs. Dortch & Allen $1,250 as attorney's fee for services rendered in the course of the administration of the estate of appellant's testator. The testator died in April, 1918, a resident of Cherokee county, Ala. The executors were relieved by the will from making bond in the premises.

The testator's will required, among other things, that the property of the estate be kept together, if authorized sales were not made, by the executors or surviving executor until his younger grandchild should attain the age of 21 years, viz. November 1, 1921, and also that if, at the stated time of distribution it should be found necessary by the executors or surviving executor, a sufficient sum of money (not less than $5,000) should be retained from the earnings of which his widow should be supported and maintained. On September 8, 1919, W. H. Coker, the surviving executor, filed his accounts and vouchers for a partial settlement of his and his then lately deceased coexecutor's administrative acts—the latter's from, to wit, August 26, 1918, to the date of his death, and the former's from May 28, 1918, to September, 1919. On November 10, 1919, the probate court, wherein the administration was then pending, passed and confirmed the account through appropriate decree.

While the administration was pending in the probate court—before its removal in consequence of original bill filed by some of the legatees and devisees on November 27, 1919— Messrs. Dortch & Allen filed a motion or petition to require the surviving executor to execute bond for the faithful discharge of his duties in the premises. The executor did not contest the motion or petition, making bond in the sum of $60,000. On November 27,

1919, as stated, these attorneys filed an original bill, praying the removal of the estate from the probate into the equity court. The order of removal was made December 3, 1919. The complainants—represented by these attorneys with one of the persons made a defendant in the bill—were A. H. Coker, H. B. Coker, S. W. Coker, Lizzie Stout, Josie Stanford, Edna Appleton, and Jimmie C. McEldrath, all legatees and devisees under the testator's will. Before this bill was filed W. H. Coker (the executor), in his individual capacity, had purchased from legatees and devisees their proportionate interests in the estate. After this bill was filed, he likewise purchased other proportionate interests of the complainants, paying therefor to them severally amounts predicated of a total estate value approximately twice that manifested, so to say, by the amounts paid for interests purchased by him before the bill was filed.

On July 12, 1920, these attorneys filed their petition, praying the ascertainment and allowance to them of attorney's fee to be taxed and paid to them as costs in the cause; the petition serving to invoke the court's authority under Code, § 3010. After overruling the executor's demurrer to the petition the court, in its decretal order of November 18, 1920, pronounced, apart from other presently unimportant matters, as follows:

"It is further the opinion of the court that said petitioners, Dortch & Allen, are entitled to compensation out of the assets of the estate of said John W. Coker for their services rendered in the petition in the probate court to require the executor, W. H. Coker, to execute bond as said executor, and for their services rendered in this court in the matter of the original bill filed by A. H. Coker et al. against W. H. Coker, executor, as aforesaid, et al. But it is the opinion of the court that said Dortch & Allen are not entitled to compensation out of the assets of said estate for any other service rendered any of the heirs or devisees of the estate of said John W. Coker, deceased. * * * It is further ordered and decreed that petitioners be allowed compensation from the assets of the estate of John W. Coker, deceased, for services in the matter of the execution of bond by the executor and the bringing of this suit named herein. And it is further ordered that it be, and is hereby referred to the register of this court, to ascertain and report to the court what would be a reasonable compensation for the services of said Dortch & Allen, rendered by them in the matter of the requiring said W. H. Coker, executor of the will of John W. Coker, deceased, to execute bond as said executor, and for their services rendered in and about the filing of the bill in this court of A. H. Coker et al., against W. H. Coker, as said executor, et al., on the 28th day of November, 1919."

On March 22, 1921, the register reported the ascertainment of $50 as a reasonable attorney's fee for the service resulting in the giving of bond by the executor, and $250 for filing the original bill mentioned, and also

accompanied these findings with the statement that he based his conclusions upon a "strict construction" of the order of reference, and without considering the results or benefits or the amount involved." The court, on April 9, 1921, sustained the exceptions of the attorneys to the register's report, annulled it, and proceeded itself to ascertain and fix, by reference to the entire evidence, the amount, in gross, of $1,250 as reasonable compensation for the attorneys' services in the premises—holding to be "too narrow" and erroneous the register's construction of the order of reference.

[1] The assignments of error assail the conclusions expressed in the decretal order of November 18, 1920, and the sustaining of exceptions to the register's report in its last adjudication in the premises. It is insisted for the attorneys, appellees, that the rulings made in the decretal order of November 18, 1920, cannot be reviewed on the present appeal because the period provided by law for appeal had expired before this appeal was perfected: this upon the authority of Harris v. Johnson, 176 Ala. 445, 58 South. 426, and O. S. Loan Co. v. Leftwich, 132 Ala. 131, 31 South. 474. Other decisions in that line were noted in Dickens v. Dickens, 174 Ala. 345, 353, 56 South. 809. That rule is not applicable to the interlocutory matter now under review. The object of the statute (section 3010) is to have ascertained an element of cost in the cause or proceeding. It has been decided under a related statute, Code, § 3219, that such matter is surplusage in an original bill whereby relief or action within the statute's purview is sought. Northern v. Tatum, 164 Ala. 368, 375, 376, 51 South. 17. The act of the court in ordering reference, even following upon declaration of the basis or bases for compensation under the statute (section 3010), is an administrative process solely; an adjudication in any final sense being made, alone, when the amount of compensation is fixed and the obligation to pay it judicially imposed upon the estate or fund subject to the court's control.

[2] The assignments of error bring under review the proceeding and basis and the pronouncement of the court's conclusion in respect of the subject-matter of the petition for allowance of attorney's fee. Since the court in its discretion might, originally and without ordering the reference, have itself ascertained and determined the whole inquiry presented by the petition, neither the register's report nor the action of the court upon exceptions to it is material, in view of the conclusion attained by the court upon the testimony afforded by the written evidence.

[3, 4] Compensation for professional legal services that may be imposed as a charge upon the estate or fund under Code, § 3010 is for those services, only, that are of benefit to the common estate as distinguished from such services rendered in presenting or preserving the individual interests of parties to the cause or proceeding. Bidwell v. Johnson, 191 Ala. 195, 198, 199, 67 South. 985; De Ramus v. De Ramus, 205 Ala. 219, 87 South. 354; Graham v. Graham (Ala. Sup.) 93 South. 660.[1] That the professional service rendered by these attorneys in requiring the executor to make bond—a requirement he did not resist—was to the advantage of the estate seems not to be contested. For that service these attorneys were entitled to be compensated in some amount from the funds of the estate.

[5] The measure of that compensation should be determined from evidence of its reasonable value and benefit to the estate as a whole, considered in connection with the necessity or the want of necessity for such bond to preserve the estate from impairment or loss through improper conduct of the executor. If the executor was faithfully discharging the duties imposed by the will—including retention of the estate and its management as the will directed—the' requirement of a bond of him was of much less benefit to the estate than had the contrary been true.

As to the only other possible item of charge upon the estate for professional services by the petitioning attorneys, viz.: the filing of the bill, we see no escape from the conclusion, under the evidence, that neither the filing of the bill nor any consequences that are shown to have resulted therefrom did redound or have redounded to the benefit of the estate. The bill is still pending, demurrer having been filed; but the material matters of a controversial nature averred therein appear to have been made the subject of elaborate testimony on the hearing of the petition of the attorneys. It is averred in the bill that the executor was largely indebted to the estate; but this was disproved on the hearing referred to. It is averred that he has not accounted for or distributed to the parties any of the moneys of the estate; but this he could not do under the before-stated terms of the will. The charge that the executor had appropriated to his personal advantage assets of the estate is not supported in the evidence. The averment that the executor was about to sell his entire interest in the estate situated in Alabama to Dr. McWhorter, with a view to avoiding accountability for his derelictions in respect of his executorship, was—in the absence of evidence showing indebtedness to the estate by the executor or dereliction in the premises to assure against which he gave bond—a matter of no importance to the estate, having no effect to increase or to preserve the estate of the testator. W. H. Coker, the surviving executor, lived in Georgia. Nevertheless the will expressly committed to

[1] 207 Ala. 648.

242                208 ALABAMA REPORTS

the custody and care of the surviving executor the personal assets and income of the estate, the much larger part of which was real property, and invested him with wide discretion and powers as to the sale of personalty belonging to the estate.

[6] The bill further averred that the executor was an unfit person to serve the trust, and sought his removal as executor. Nothing was shown at the hearing had on the petition of the attorneys that would have justified his removal. The insistence, in effect, is that, because W. H. Coker (executor), individually, subsequently purchased proportionate interests of legatees and devisees at figures in excess of the purchase price of proportionate interests bought before the bill was filed, the value of the estate was approximately doubled. The insistence is not to be justified; no additional assets of the estate being gained through or in consequence of the filing of the bill. The value manifested by these subsequent purchases was that of trade between individuals selling and buying. The estate derived no benefit therefrom, whatever the purchase prices agreed upon between the individuals dealing. The estate was no greater than it was before the dealings.

[7] The only possible basis for compensation of the petitioning attorneys for services beneficial to the estate from the filing of the bill is referable to its effect to remove the estate from the probate into the equity court. The administration of a trust was involved in the execution of the testator's will. Whether the thus invoked action was of material advantage to the estate—if beneficial at all, it was so as respected the estate itself—may and should be ascertained through considerations and evidence not made available through the testimony now presented.

[8] The evidence does not warrant the conclusion that the petitioning attorneys have bound themselves to forego their right, if established, to be compensated within and as the statute (Code, § 3010) provides. If those at whose instance the bill was filed have obligated themselves to compensate the petitioning attorneys, if their claim for fees is not allowed and enforced against the estate, that fact does not deprive these attorneys of such right under the cited statute as they are able to sustain.

The court made an allowance in gross. Under the evidence that finding was erroneous in the amount allowed. The cause is remanded for further inquiry and adjudication in respect of allowance of reasonable attorney's fee for inducing the making of the executor's bond and in respect of the possible benefit the estate derived from its removal into equity on the bill by them filed. The decree is reversed for error in its amount, and the cause is remanded. The

costs of the appeal will be taxed against the estate of the testator.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.