150 So. 502

## O'REAR v. O'REAR.

### 6 Div. 292.

Supreme Court of Alabama.

Oct. 26, 1933.

See, also, post, p. 407, 150 So. 506.

406

406

M. B. McCollum and R. A. Cooner, both of Jasper, for appellant.

B. B. O'Rear and J. B. Powell, both of Jasper, for appellee.

BROWN, Justice (after stating the facts).

It is well settled that there may be two final decrees in the same cause which will support an appeal, and where a decree is entered settling the equities between the parties, and the principles on which the relief is granted, it is a final decree, although it orders an account to be taken or other proceedings to be had to carry it into effect, and unless an appeal is prosecuted therefrom within the statutory period, matters pertaining to the equities settled by the decree cannot be reviewed on appeal from the final decree entered after the bar has been perfected, confirming the report of the register. Cochran v. Miller, 74 Ala. 50.

In so far as the first decree is not final, but interlocutory, it is subject to modification or change, and rulings in respect to matters of an interlocutory nature are reviewable by appeal from the last final decree. McCalley v. Finney, 198 Ala. 462, 73 So. 639; Scholes v. Kibbe, 222 Ala. 587, 133 So. 286; Adams v. Sayre, 76 Ala. 509.

Application of this principle disposes of the first two assignments of error, relating to the general equities of the case settled by the final decree of August 8, 1931.

The contention of appellant, that testimony not noted (as required by rule 75 of Chancery Practice) on the submission to the special register, is not a part of the record, and that the trial court had no right or authority to consider the same on reviewing exceptions to the register's report, is without merit. This rule, as has been repeatedly held, is not applicable to such submission. Whetstone et al. v. McQueen, 137 Ala. 301, 34 So. 229; Hayden v. Smith, 216 Ala. 428, 113 So. 293; McCollum v. McCollum et al., 218 Ala. 500, 119 So. 232.

Rule 88 of Chancery Practice (Code of 1923, Vol. 4, page 935) governs submissions on hearings before the register, and not rule 75. The written stipulation between the parties filed in the case, to the effect that all evidence on file and such as the parties might take should be considered by the register on the hearing of the reference, rendered compliance with the rule unnecessary. O'Kelley v. Clark, 184 Ala. 391, 63 So. 948. This agreement, in connection with the directions in the decree of reference authorizing the regis-

ter to consider all such testimony, made such testimony a part of the record.

What was said in the second division of the opinion in Jones v. Moore, 215 Ala. on page 580, 112 So. 207, 208, is in conflict with Whetstone et al. v. McQueen, Hayden v. Smith, and McCollum v. McCollum et al., supra, and Jones v. Moore, in so far as it conflicts with said cases, is overruled.

■ While it has been repeatedly held that the trial judge or court will not be put in error for overruling exceptions to the register's report on reference, seeking to invoke a review of a finding of fact unmixed with questions of law, unless testimony is noted at the foot of each exception as required by the statute and rule 93 of Chancery Practice, at least by stating the name of the witness and the page or pages on which the testimony is to be found (Code 1923, § 6598; Warren v. Lawson, 117 Ala. 339, 23 So. 65; Bailes v. Bailes, 216 Ala. 569, 114 So. 185), yet there is nothing in the rule or the statute that prevents the judge or court from exercising the discretion to examine any part or all of the evidence that has become a part of the record in the case. Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342; Faulk & Co. et al. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450.

■ However, where the court re-examines all the testimony and sustains the exceptions, on appeal from such decree, the burden is on appellant to show error and injury. He is aided in this task by the usual presumption of correctness attending the register's report on the hearing before the trial court as to findings of facts on testimony given ore tenus before him. Pollard et al. v. American Freehold Land Mortgage Co. of London, Limited, 139 Ala. 183, 35 So. 767; Andrews v. Frierson et al., 144 Ala. 470, 39 So. 512; Horst et al. v. Pake, 195 Ala. 620, 71 So. 430; Bidwell v. Johnson et al., 195 Ala. 547, 70 So. 685; McCollum v. McCollum et al., supra.

■ This presumption does not extend to errors of law entering into the report, such as including items of account not within the object and terms of the decree of reference. Abney et al. v. Abney, 182 Ala. 213, 62 So. 64; Bay Minette Land Co. v. Stapleton, supra; McCollum v. McCollum et al., 218 Ala. 500, 119 So. 232.

■ The evidence is without dispute that the item of $2,150, the subject-matter of the complainant's sixth exception, was not money advanced by the defendant or his brother, R. A. O'Rear, to complainant for the redemption or partition of the lands, but was for money advanced and services performed by the defendant to R. A. O'Rear in the operation of a coal mine, and regardless of whether or not the order was presented to and accepted by the complainant, it was not within the scope and terms of the decree of reference, and on the principle last above stated the court did not err in sustaining the exception thereto.

■ The same is true as to the amounts advanced by the defendant and R. A. O'Rear to Joe Martin O'Rear for the purpose of aiding him to attend college.

Another error of the special register, apparent on the face of the report, was the calculation of interest on the balance of $7,074.46, from the date of the credit of September 1, 1921, "Credit by J. B. Powell" to the division of the joint account between the defendant and R. A. O'Rear, with the result that interest was compounded up to the next payment, while it should have been calculated on the partial payment plan. The court properly corrected this error.

Eliminating these improper charges, it clearly appears that the indebtedness secured by the deed, declared to be a mortgage, had been fully paid prior to the filing of the bill. Therefore, the court did not err in so decreeing.

We find no reversible errors in the record, and the decree of the circuit court will be affirmed.

Affirmed.

All the Justices concur.