## BOHANNON v. ACTON.

### 6 Div. 969.

Supreme Court of Alabama.

Jan. 7, 1937.

W: Marvin Scott, of Cullman, for appellant.

J. T. Johnson, of Oneonta, for appellee.

## BROWN, Justice.

The appellee Acton, on February 3, 1932, sued H. S. Bohannon in ejectment to recover possession of the west ½ of the northwest ¼ of section 30 in township 13 south, range 3 west, of Huntsville meridian in Alabama. On July 28, 1932, on motion of the defendant in said suit, the appellant, Mrs. N. E. Bohannon, was brought in to defend as landlord, and filed several special pleas averring that she was the owner of said land; that the plaintiff was claiming as mortgagee; and that the debt for which the mortgage was given was the debt of the husband. After demurrers were overruled to said pleas, the plaintiff filed a motion to transfer the case to the equity docket, alleging that through the mutual mistake of the parties, or mistake of the scrivener, the mortgage under which he claimed did not describe the land intended to be conveyed, to wit, the W. ½ of the S. E. ¼ of section 24, township 13 south, of range 4 west, Blount county, Ala. The plaintiff's motion was granted and the cause was removed to the equity docket on the 22d day of August, 1932.

On November 7, 1933—one year, two months and a half—after the removal the plaintiff amended his pleading by filing a bill to have said mortgage reformed so as to correctly describe the land intended to be conveyed and to foreclose the same.

On the 21st day of March, 1934, the following decree pro confesso was entered by the register: "In this cause it appears to the Register that this cause was by order of the Hon. Judge of said Court on the 22nd day of Aug. 1932 transferred to this Court, and that the Hon. J. R. Copeland, Clerk of the Circuit Court of said County duly issued to me said transfer on the 9th day of Sept. 1932, and whereas a Bill of Complaint was filed in this Court by the Complainant on the 7th day of Nov. 1933, and no answer to said bill has been filed to this date, it is now, therefore, on motion of the Complainant, ordered and decreed that the said Bill of Complaint in this cause be, and it hereby is in all things taken as confessed against the said H. S. Bohannon and N. E. Bohannon, Respondents, aforesaid."

The case was thereafter submitted by the complainant for final decree, without note of testimony as required by rule 75 of Chancery Practice, and on August 8, 1934, the court entered a final decree reforming the mortgage and foreclosing the same.

There is much force in the appellant's contention that she was entitled to notice of the filing of the bill, which is characterized by section 6491 of the Code, 1923, as an "amendment to the pleadings," and of which section 6559 of the Code requires that notice be given by serving a copy on the opposite party, and therefore that the decree pro confesso was prematurely and irregularly rendered. Tennessee Valley Bank et al. v. Clopton et al., 219 Ala. 181, 121 So. 548; Fellows et al. v. Burkett, 219 Ala. 601, 122 So. 808; Boyett et al. v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546. But she cannot avail herself of this irregularity on this appeal, for the reason that she did not appeal from the final decree settling the equities between the parties within six months from the time said decree became final. Williams et al. v. Knight, ante, p. 42, 169 So. 871.

This court, in these circumstances, is without jurisdiction, and the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.