194 So. 168

**STALEY v. INTERNATIONAL AGR. CORPORATION.**

8 Div. 984.

Supreme Court of Alabama.

Feb. 22, 1940.

F. E. Throckmorton, of Tuscumbia, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

KNIGHT, Justice.

This litigation is between the International Agricultural Corporation and Ed A. Staley, as executor of the last will and testament of Lewis Gusmus, deceased.

It appears that Lewis Gusmus, now deceased, died in July, 1934, and his will was probated in the Probate Court of Colbert County on August 11, 1934. Thereafter, the administration of the estate was removed from the probate court to the circuit court of said county, and that the administration of said estate was pending in the latter court at the time the petition in this cause was filed.

The appellee-petitioner avers in his petition that it had entered into a contract with the said Lewis Gusmus for the sale of fertilizers in Colbert County; that said contract was in force during the year 1934, and that said Gusmus in the year 1934, and prior to his death, sold fertilizer for the petitioner to the parties, and in amounts, shown by an exhibit to the petition.

It is averred that by the terms of said contract, which is made an exhibit to the petition, that the accounts representing the sale of fertilizer to the named purchasers were the property of the petitioner, and that said Gusmus by his contract obligated himself to collect the accounts for complainant, "and to keep the proceeds therefrom separate and distinct and to promptly remit the same to complainant." That Gusmus "guaranteed the payment of the accounts by the execution of his mortgage note, which is dated June 30, 1934, and is for the sum of $1,117.71, payable to complainant, and due on the 1st day of October, 1934."

It appears that by this "mortgage note" the said Gusmus, to secure the payment of the note, conveyed to the petitioner his entire crop of "agricultural products" grown and raised by him, and "all his right, title and interest in crops grown by tenants under him or cotenants with him," during the year 1934 in Colbert County, Alabama.

It is then charged in the petition "that Ed A. Staley, as executor of the estate of Lewis Gusmus, deceased, had knowledge of these property rights of the complainant, and had collected from said debtors the amount shown by the statement hereto attached and made a part hereof as Exhibit 'B', and that he has intermingled the pro-

ceeds of complainant's fertilizer accounts with the proceeds of the other accounts belonging to the estate of said Lewis Gusmus, deceased, which has been deposited by him in the account of the estate of Lewis Gusmus, deceased, in the Sheffield National Bank, and which is shown by his statement of his account filed in the Probate Court of Colbert County, Alabama, February 26, 1935, covering the period from August 11, 1934, to February 11, 1935."

The petition then prays that the accounts and collection thereon be decreed to be the property of petitioner (styled complainant); that "they be separated from the other monies and assets" of said estate; that it be decreed that the petitioner has "a good and valid mortgage upon the crops described in the bill of complaint and that its rights as to said crops are superior and that its rights to the proceeds of said crops are superior to the rights of other creditors of said estate." Petitioner prays for reference to register to ascertain the amount the said estate is indebted to this complainant on its said claim; that it be ascertained what amount the said Ed A. Staley, as such executor, has collected from "each of the debtors herein described;" that the register ascertain and report the amount of the proceeds collected from the crops upon which petitioner had a mortgage. And finally, it is prayed that the said executor be required to pay to the petitioner the proceeds of the collections of all the fertilizer accounts collected by him and belonging to the petitioner, with interest, and that he shall also be required to pay to the petitioner, from the proceeds of his collections from the crops upon which petitioner had a mortgage, such an amount as is sufficient to pay petitioner's claim in full, etc.

The said executor and the surety on his bond, the United States Fidelity & Guaranty Company, are made parties respondent to said petition. Each filed answers, denying, in effect, the allegations of the petition upon which petitioner bases his prayer for relief.

Each of the respondents also demurred to the petition, but these demurrers were overruled by the court.

On submission "for final decree upon the pleadings and proof as noted by the register," the court decreed that the complainant, the International Agricultural Corporation, was entitled to the relief prayed; that the money collected from the accounts listed in the decree was, and is, the property of the International Agricultural Corporation; that said monies so collected by the executor be separated from the other assets of said estate; that the said International Agricultural Corporation had a good and valid mortgage on the crops of the tenants of said Gusmus, deceased, and is entitled to the money collected from said tenants for the satisfaction of its claim against said estate.

It was then by said decree referred to the register to ascertain: The amount due on the petitioner's said claim; the amount said executor had collected on the fertilizer accounts; and the amount of the proceeds collected by the executor from the crops of tenants, etc. The decree then proceeds to direct the executor to pay the ascertained amounts, upon confirmation of the report, to the petitioner in discharge of its said demand against said estate.

The above decree was made on August 27, 1938, and filed in said cause on August 30, 1938.

On September 16, 1938, the register, pursuant to said decree, filed his report, and this report was confirmed by the court on November 12, 1938, and on December 12, 1938, the court, on motion of petitioner, the International Agricultural Corporation, amended its decree. The amended decree is as follows:

"This cause coming on to be further heard on the motion of the complainant, and it appearing from the record in this cause that the decree in this cause entered and enrolled on the twelfth day of November 1938, did not provide for the issuance of execution for the enforcement of said decree.

"It is ordered, adjudged and decreed that the decree of this Court entered and enrolled in this cause on the twelfth day of November 1938, be, and the same is hereby, amended by adding thereto the following:

"It is further ordered, adjudged and decreed that the complainant, the International Agricultural Corporation, have and recover of Ed A. Staley, as the Executor of the Estate of Lewis Gusmus, deceased, one of the defendants in this cause, the sum of Fourteen Hundred Forty-eight and $^{25}/_{100}$ ($1,448.25) Dollars, the further sum of One Hundred Seventy-two and $^{67}/_{100}$ ($172.67) Dollars, and the costs of

the Court incurred in this cause, for which let execution issue.

"Ordered, adjudged and decreed at Tuscumbia, Alabama, on this the 12th day of December, 1938."

The appeal in this cause was taken on May 2, 1939, and the appeal bond recites that it was taken by said executor from the decree entered on November 12, 1938, as amended by the decree of December 12, 1938.

We have deemed it necessary to set out at considerable length the salient facts appearing in the record, in order that our conclusions may be better understood.

 It is obvious that the decree entered in the cause on August 30, 1938, was such a final decree as would have supported an appeal. This decree settled the equities of the parties and the principles on which the relief was granted, and it was, therefore, a final decree, although it ordered an account to be taken, and other proceedings to be had, to carry it into effect. No appeal having been taken from that decree within six months from its rendition, matters pertaining to the equities settled by that decree cannot be reviewed on the present appeal entered after the bar had been perfected as to the first final decree. Garry v. Jenkins, 109 Ala. 471, 20 So. 8; Wynn, Adm'r v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Harris v. Johnson, 176 Ala. 445, 58 So. 426; Coker v. Coker, 208 Ala. 239, 94 So. 308; United States S. & L. Co. v. Leftwich, 132 Ala. 131, 31 So. 474; Foley v. Leva, 101 Ala. 395, 13 So. 747; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Williams et al. v. Knight, 233 Ala. 42, 169 So. 871; Bohannon v. Acton, 233 Ala. 305, 171 So. 733; Carter v. Mitchell, 225 Ala. 287, 142 So. 514.

It will be observed with respect to the decree of November 12, 1938, as amended by the decree of December 12, 1938, that the court allowed the parties five days within which to file exceptions to the report of the register. The appellant, executor, failed to file his exception to the report within the time allowed, and the court, on motion of the appellee, petitioner, struck the exceptions from the file, and confirmed the report. This, then, left the report without exceptions.

The failure of the executor to file exceptions within the time allowed was tantamount to an admission of the correctness of the report, and no objections to its correctness can be raised for the first time in this court. National Com. Bank v. McDonnell, 92 Ala. 387, 9 So. 149; Jones v. Moore, 215 Ala. 579, 112 So. 207, Lavretta v. First Nat. Bank of Mobile, 238 Ala. 265, 189 So. 881.

Not only is the above true, but if exceptions had been properly and timely filed, we would accord to the register's report the weight of the verdict of a petit jury, and would not disturb it, unless on review of the evidence we should be convinced that it was palpably and plainly wrong. Patterson v. Lovelady, 233 Ala. 554, 172 So. 646, and cases there cited.

It only remains to be said that the decree of the court below rendered on November 12, 1938, as amended by the decree of December 12, 1938, accomplishes justice between the parties and it is due to be affirmed.

We may add that if we were permitted, under our decisions, to review the ruling of the court on appellant's demurrer (see Garry & Welpin et al. v. Jenkins, Moore & Co., et al., 109 Ala. 471, 20 So. 8; Wynn, Adm'r, v. Tallapoosa County Bank, supra), there was no merit in the demurrer, as for any grounds assigned therein.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.