17 So.2d 175

**BETHUNE ELECTRIC CONST. CORPORATION et al. v. GRAYBAR ELECTRIC CO.**

**6 Div. 132.**

Supreme Court of Alabama.

Jan. 13, 1944.

Rehearing Denied March 23, 1944.

Beddow, Ray & Jones, of Birmingham, for appellants.

Benners, Burr, Stokely & McKamy, of Birmingham, for appellee.

BROWN, Justice.

This litigation originated in an action of assumpsit brought by the appellee against the appellant and United States Fidelity and Guaranty Company, as surety of appellant, to recover a balance alleged to be due for material, goods and chattels sold by appellee and purchased by appellant and used in the construction of an electric distribution system for the City of Scottsboro,—a W. P. A. Project,—under a contract between appellant and said city.

On motion of defendants in that case, appellants here, the case was transferred from the law docket to the equity docket and the bill was filed by the appellant against the appellee, seeking an accounting and an ascertainment of the amount due, if anything, for the goods, wares and merchandise purchased by the appellant.

The material averments of the bill, insofar as the real controversy between the parties is concerned, is stated in paragraph four thereof: "4. Complainant, Bethune Electric Construction Corporation, further avers that it is entitled to certain credits and allowances on certain items for which it has not been given credit by the vendor, respondent in this suit. Complainants further aver that they are entitled to certain credits for taxes, and freight charges, which credits have not been given to complainants. Complainants further aver that they are entitled to certain credits for materials which have been returned to respondents and allowances on certain items, credits for which have not been given to complainants."

The right to an accounting in equity was not contested, and upon answer being filed to the bill, the case was referred without evidence to the Register for a statement of the account between the parties. The Register thereupon proceeded to take testimony, much of which was given ore tenus, some by deposition, and documentary evidence. At the conclusion of the testimony the Register requested both parties to make a statement of the account from their respective points of view and file the same with him for consideration along with the other testimony in the case. The Register made up his report, taking as a basis for the statement of the account the balances shown by the account stated by the respondent, and gave the complainant credit for a number of items such as freight overcharges, overcharges for goods purchased, and balance on the concessions, not included on invoices, reducing the amount of indebtedness $732.86, and ascertaining the balance to be $11,335.21, to which interest was added from November 1st, 1942. Numerous exceptions were filed to the report, which, upon hearing before the judge, were overruled, and final decree entered confirming the report. It is from this decree that the appeal is prosecuted.

The contract for the construction of the distribution system was let at competitive bidding, and previous to the bidding the respondent made and listed the materials essential to the construction of the project, as shown by the engineers' plans and specifications, broken down in unit form. This was included in a book called "The Proposal" and in this book was listed the price of each unit as made up for the project. This proposal was submitted to prospective competitive bidders including the complainant, who agreed to purchase the necessary materials for the construction of the plant from the respondent, and the materials listed in this proposal aggregated in price about $65,000, probably a little less.

The appellants' major contention here is that pending the bidding and immediately before the contract was let, the respondent made a flat price of $57,250 for all the materials, and modified in parol the agreement previously signed by the complainant approving the prices, and agreeing to purchase the goods at such prices. And the complainant further insists it was also agreed at the same time that any extra material purchased would be at the same ratio in price as the $57,250 bore to the aggregate price set up in the proposal. The appellant further insists that no interest would be charged on the price of material furnished until the complainant collected from the City of Scottsboro, and that no sale or consumer's taxes would be charged,

but this would be absorbed by the seller. The complainant further insists that all goods and material used by it in the construction of said plant were to be delivered F. O. B. Scottsboro, Alabama.

The appellee on the other hand insists that no flat price was made to the complainant; that the only price made was set up in the proposal and the only modification made was respondent granted to the complainant a concession of $7,900 which accumulated in the form of profits to the respondent in the purchases made from the supply houses and manufacturers, and these concessions were spread out and credited on the several invoices made from time to time.

The controversy presented is purely one of fact on which the evidence is in sharp conflict. The complainant offered much testimony to sustain its contention, and which, on trial before a jury, would have presented a jury question.

The respondent offered evidence going to show that its contention was correct; that it made no flat price; that it stood on the proposals set up in the book, and that it granted the concessions as stated above to aid complainant in procuring the contract. This, in the main, was credited on the several invoices as they were sent in. That it had no agreement to absorb the taxes, and that the written agreement as to freight charges governed and applied only to goods ordered out from the supply houses. That there was no agreement to allow freight on small special hurry orders out of stock.

In these circumstances the weight and sufficiency of the evidence was a matter for the Register. His conclusions thereon are entitled to the weight of a verdict of a jury and will not be disturbed on appeal unless they are against the great weight of the evidence. Vaughan v. Smith, 69 Ala. 92; 8 Ala. Dig., p. 598, Equity, ☞409; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.

After a careful consideration of the entire evidence in this case, we cannot affirm that the Register's conclusions are incorrect. We find no error in the record.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.