70 So.2d 792

### JONES v. WRIGHT.

#### 4 Div. 772.

Supreme Court of Alabama.

Jan. 21, 1954.

Rehearing Denied March 18, 1954.

Murphy & Murphy, Andalusia, for appellant.

Jas. M. Prestwood, Prestwood & Prestwood, Ralph A. Clark, Andalusia, for appellee.

STAKELY, Justice.

John Grant Wright (appellee) filed his bill of complaint praying for an injunction to restrain John Henry Jones (appellant) from proceeding with the construction of a building which was alleged in the bill to be an encroachment upon the land of the appellee. A temporary injunction was granted upon the filing of a bond in the amount of $500. An answer and cross-bill was filed denying that the building was being constructed on the land of appellee and asking that the line between the property of appellant and appellee be established.

An agreement between the parties was filed in court. It showed that Henry De-Jarnette, a registered land surveyor and civil engineer, made a survey of the property, the subject matter of the litigation, prior to the institution of the suit. It was agreed that the surveyor will report to the register

on reference as to his findings as to the original lines as shown by the subdivision plat. It was further agreed that the report of the surveyor shall be taken by the register as showing conclusively the original location of the lines.

The agreement then contains the following: "It is further agreed that the court in this cause order a reference before the register, in addition to the above, and that the issue on reference be as follows: To determine whether or not the respondent in this case has established by adverse possession a new line other than the original line reported by the engineer, and whether or not said lines as found by the engineer have been altered by such adverse possession as alleged in respondent's cross bill."

Without dispute by deeds introduced in evidence the appellee is the owner of the north 48 feet of lots 5 and 6 in Block 38 in the town of River Falls, Alabama, as per map on file in the office of the Judge of Probate of Covington County, Alabama, and the appellant is the owner of lots 7 and 8 in Block 38 according to the aforesaid map or plat. These lots are each of even width, each fronting 25 feet on the south side of Covington Avenue in River Falls, Alabama.

The question then for decision is whether the line between lots 6 and 7 has been altered by adverse possession so as to add to lot 7 about 2½ feet off the west side of lot 6. The encroachment is claimed to be on this additional strip. This is the matter referred to the register to which we have referred.

The evidence was taken orally before the register. The claim of an altered line is based on the proposition that a fence showing the altered line once existed between lots 6 and 7 to the road, which is now Covington Avenue, with adverse possession by the appellant and his predecessors in title up to the fence. Smith v. Cook, 220 Ala. 338, 124 So. 898. The existence of such a fence as well as the asserted adverse possession, is denied by the appellee. The register reported the true line to be the line shown by the plat. Exceptions were filed to

the report. The court overruled the exceptions and confirmed the report of the register. The appeal here is from that decree.

There is no need to set out the evidence in detail. It has been carefully considered. On appeal from a decree overruling exceptions to a register's report upon matters dependent upon the conclusions reached by the register from evidence taken orally before him, this court will indulge all reasonable presumptions in favor of the findings of the register and will not disturb them unless they are clearly shown to be wrong. Staley v. International Agr. Corp., 239 Ala. 98, 194 So. 168; Pollard v. American Freehold Land Mortg. Co., 139 Ala. 183, 35 So. 767. We are not so convinced as to disturb the findings.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.