105 So.2d 54

**Louis B. MOODY et al.**

v.

**Irvin F. MYERS.**

**7 Div. 408.**

Supreme Court of Alabama.

Aug. 28, 1958.

Rehearing Denied Sept. 25, 1958.

Louis B. Moody and Ruby Jo Moody, pro se.

Johnson & Randall, Oneonta, for appellee.

GOODWYN, Justice.

On January 23, 1957, the appellee, Irvin F. Myers, brought suit in the circuit court of Etowah County, in equity, against appellants Louis B. Moody and Ruby Jo Moody (husband and wife), to set aside a deed from the husband to the wife executed on March 30, 1956, conveying to her his undivided two-thirds interest in certain lands located in Etowah County. It is alleged in the bill that said conveyance was made for the purpose of hindering, delaying or defrauding the complainant in the collection of a debt owed him by Louis B. Moody. It appears from the bill and respondents' answers that all of the parties are residents of Blount County. The indebtedness claimed to be due complainant by respondent Louis B. Moody was the subject of a suit brought by complainant in the circuit court of Blount County, in equity, on December 6, 1951, for dissolution of their partnership and an accounting between them as such partners. We are here concerned with that suit only to the extent that a judgment for $7402.32 was there rendered on April 27, 1956, in favor of complainant. For decision on appeal in that case see Moody v. Myers, 265 Ala. 435, 91 So.2d 686.

In the instant case a final decree settling the equities and determining the rights of the parties was rendered on July 8, 1957. In addition to setting aside the deed, as prayed for, the decree provided that complainant have and recover of the said Louis B. Moody the sum of $7402.32 together with the court costs. It allowed him 30 days in which to pay said sum and, on failure to pay within said time, the register was directed to sell the lands at public auction to satisfy the decree. After giving the three weeks' published notice of sale prescribed by the decree, the lands were sold by the register on September 19, 1957, at a public sale, the complainant becoming the purchaser for $1,000. On September 21, 1957, the register made report of the sale. On the same date the trial court ordered that the report "lie over for the filing of objections or exceptions thereto for a period of 5 days." On September 25, 1957, the respondents filed what is entitled "Objection to Transfer of Title". (It should be here noted that respondents undertook their own defense throughout trial of the case and on this appeal continue their own representation.) In said instrument they "object to the transfer of the title to the lands * * * to the complainant Irvin F. Myers and * * * demand jury trial." The grounds of objection to confirmation of the sale take no issue whatsoever with the regularity of the sale nor the price bid for the property. As we understand the objections, they raise questions which go behind and, in effect, attack the decree ordering the sale. As said in 50 C.J.S. Judicial Sales § 28, p. 616:

"In proceedings for the confirmation of a judicial sale, the court may and should confine itself to a consideration of the regularity of the proceedings on sale. * * *"

See, also, 30A Am.Jur., Judicial Sales, § 120, p. 970.

The decree confirming the report of sale was rendered on October 22, 1957. The appeal now before us was taken from that decree on April 22, 1958. No appeal was taken from the final decree rendered on July 8, 1957, granting relief to complainant and ordering sale of the land to satisfy said decree. The question, then, is whether we can consider any assignment of error addressed to the July 8, 1957, decree. What was said in Hoffman v. Jordan, 263 Ala. 23, 25, 81 So.2d 546, 548, is determinative of that point, viz.:

"There are 25 assignments of error made by the appellant on this appeal. The appellees have made a motion to strike assignments of error 1 to 15,

inclusive, on the ground that they are predicated on the decree of October 7, 1952, and that assignments based on this decree are not available because no appeal was taken from the decree of October 7, 1952, within six months as provided by the statute. In this situation we cannot consider assignments of error based on the decree of October 7, 1952, because no appeal was taken from that decree and that decree is clearly a final decree since it ascertained and declared the rights of the parties and settled the equities and the fact that the cause remains in fieri in respect to other matters does not change this situation. Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Carter v. Mitchell, 225 Ala. 287, 142 So. 514; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502."

In Staley v. International Agr. Corporation, 239 Ala. 98, 101, 194 So. 168, 171, a "final" decree was rendered on August 30, 1938. That decree provided for a reference to the register. Another "final" decree was rendered on November 12, 1938, and amended on December 12, 1938, confirming the register's report. An appeal was taken on May 2, 1939, from the November 12, 1938, decree, as amended. Thus, it is to be noted that the appeal was taken more than six months (Code 1940, Tit. 7, § 788) after the August 30, 1938, decree. In holding that said decree was not reviewable this court, through Knight, J., had this to say:

"It is obvious that the decree entered in the cause on August 30, 1938, was such a final decree as would have supported an appeal. This decree settled the equities of the parties and the principles on which the relief was granted, and it was, therefore, a final decree, although it ordered an account to be taken, and other proceedings to be had, to carry it into effect. No appeal having been taken from that decree within six months from its rendition, matters pertaining to the equities settled by that decree cannot be reviewed on the present appeal entered after the bar had been perfected as to the first final decree. Garry v. Jenkins, 109 Ala. 471, 20 So. 8; Wynn, Adm'r v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; Harris v. Johnson, 176 Ala. 445, 58 So. 426; Coker v. Coker, 208 Ala. 239, 94 So. 308; United States Savings & Loan Co. v. Leftwich, 132 Ala. 131, 31 So. 474; Foley v. Leva, 101 Ala. 395, 13 So. 747; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Williams v. Knight, 233 Ala. 42, 169 So. 871; Bohannon v. Acton, 233 Ala. 305, 171 So. 733; Carter v. Mitchell, 225 Ala. 287, 142 So. 514."

The appeal in Moody v. Myers, 265 Ala. 435, 91 So.2d 686, was taken on May 25, 1956, from the decree of April 27, 1956. The first "final" decree there dealt with was rendered on January 21, 1956, which was within six months of the time of taking the appeal. In the case now before us the first "final" decree sought to be reviewed was rendered more than six months prior to taking the appeal from the second "final" decree. "No assignments of error can be made upon a decree * * * which is barred." Foley v. Leva, 101 Ala. 395, 399, 13 So. 747, 749. Cf. Comer v. Limbaugh, 256 Ala. 655, 660, 57 So.2d 72.

There are 20 assignments of error, the first 14 of which are addressed to the decree of July 8, 1957. It follows, from what we have said, that we cannot consider those assignments.

Assignment 15 charges error in the trial court's order directing that the register's report of sale lie over for a period of five days for filing of objections thereto. Appellants' brief makes no mention of this point. Indeed, we have no idea what the basis of the objection is.

Assignment 16 charges error in the refusal of the trial court to consider ap-

pellants' "Objection to Transfer of Title", above referred to. This was not error. None of the objections charged irregularity, misconduct, fraud or mistake in the sale nor inadequacy of the price bid for the property. Harduval v. Merchants' & Mechanics' Trust & Savings Bank, 204 Ala. 187, 86 So. 52.

Assignment 17 charges error "in the decree confirming the sale in that the register did sell the said lands to the highest bidder for cash and that the complainant became the purchaser of said lands for the sum of $1,000." Obviously, there was no error in selling the lands to the highest bidder; and there is nothing in the record indicating that the amount bid was inadequate. No question on this score was raised in the trial court.

Assignment 18 charges error in the decree "that said sale was in strict compliance of the law, and a deed should be executed by the register of this court conveying the said lands to the purchaser." Apparently, the appellants think the sale was not in strict compliance with the law. However, no mention of this assignment is made in their brief, and we have no way of knowing what it is they consider to be error. Moreover, no objection in this respect was made in the trial court.

Assignment 19 is that "the trial court erred in the remainder of this decree and order." This is too general to be considered under the requirements of Rule 1(1) of the Revised Rules of Practice in the Supreme Court, effective June 1, 1955, 261 Ala. XIX, Code 1940, Tit. 7 Appendix, Cum. Pocket Part. See Purvis v. Ennis, 258 Ala. 174, 179, 61 So.2d 451.

On April 7, 1958, the respondents filed a motion to "declare null and void" the decree of October 22, 1957. The trial court denied the motion because made more than 30 days after the decree. There was no error in this action. Equity Rules 62 and 65, Code 1940, Tit. 7 Appendix; Capps v. Norden, 261 Ala. 676, 679, 75 So.2d 915. The motion recites that respondents "had no notice of or knowledge of the decree bearing date October 22nd 1957 * * * in time or during the time required to file a bill of exceptions and that upon reading the decree we find that the decree was rendered after the complainant had taken the jurisdiction of the case from this court and placed it in the circuit court of Blount County, Alabama, in equity, on the date of 12th day of October, 1957," and prays that the court "will consider the decree rendered on the 22 day of October, 1957 is without jurisdiction and is null and void." In the first place, there was no requirement that notice of rendition of the decree be given to respondents. As parties to the proceeding, they were chargeable with notice. We find nothing in the record indicating that the trial court had been ousted of jurisdiction.

We have treated each of the assignments of error going to the decree appealed from although we might, with full justification, have disregarded them because not sufficiently argued in appellants' brief. Rule 9(10) of the Revised Rules of Practice in the Supreme Court, supra; Lewis v. Haynes, 266 Ala. 564, 566, 98 So.2d 52; Epperson v. Stacey, 266 Ala. 396, 398, 96 So.2d 750; Simpson v. Birmingham Electric Co., 261 Ala. 599, 600, 75 So.2d 111.

The decree appealed from is due to be affirmed.

Affirmed.

LAWSON, SIMPSON and COLEMAN, JJ., concur.